UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SUZANNE FORREST | ) |
| | ) JURY TRIAL DEMANDED |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| HCA HEALTHCARE | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**COMPLAINT FOR DAMAGES**

COMES NOW, Suzanne Forrest ("Plaintiff"), through undersigned counsel, and files this complaint for damages against HCA Healthcare. ("Defendant"), and for her Complaint shows the following:

## I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks all declaratory relief, along with punitive and actual damages, attorney's fees and costs for Defendant's violation of the Civil Rights Act of 1991, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), and the Tennessee Human Rights Act.

1

## Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant does business in and is engaged in commerce in the State of Tennessee. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

5.

On December 19, 2023, Plaintiff received her Notice of Right to Sue from the EEOC.

6.

Therefore, Plaintiff has timely filed her complaint for damages within the 90-day period.

## II. Parties and Facts

7.

Plaintiff is female citizen of the United States of America and is subject to the jurisdiction of this Court.

8.

At all times relevant Defendant was qualified and licensed to do business in Tennessee, and at all times material hereto has conducted business within this District.

9.

Defendant may be served with process at its regional corporate office at the following address: 1 Park Plaza 2545 Building (Building 3), Nashville, TN 37203.

10.

Plaintiff became employed at Defendant on or around July 1, 2007.

11.

During the relevant time period, Plaintiff held the position as Vice President of Case Management at Defendant's Nashville location.

12.

On or around August 4, 2023, Jay Saint Pierre, VP of Case Management said to Ms. Forrest, "You should be ready for retirement."

13.

In addition to this comment, there were several situations where Mr. Pierre made degrading remarks about women, specifically scrutinizing their bodies, and undermining their intelligence.

14.

Mr. Pierre would openly consider the ideas and opinions of male employees but undermine and reject ideas and opinions brought by female employees.

15.

On August 25, 2023, Ms. Forrest spoke with Jennifer Alaman, Human Resources, and told Ms. Alaman that she believed she was being treated differently by Mr. Pierre.

16.

Ms. Alaman responded by undermining Ms. Forrest's concerns, and no further actions were taken.

17.

On November 3, 2023, Ms. Forrest was terminated. Mr. Pierre told Ms. Forrest that the reason for the termination was "lack of confidence from upper leadership."

18.

Prior to her termination, Ms. Forrest had stellar performance reviews, and was never notified of any issues regarding her performance.

## COUNTS 1 & 2

## GENDER DISCRIMINATION AND RETALIATION IN VIOLATION CIVIL RIGHTS ACT OF 1964 AND THE TENNESSEE HUMAN RIGHTS ACT

19.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

20.

Defendant subjected Plaintiff to discrimination on the based on her gender.

21.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of gender in violation of Civil Rights Act of 1964, and the Tennessee Human Rights Act.

22.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of her gender.

23.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

24.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

25.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

26.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment and discrimination.

27.

Defendant retaliated against Plaintiff when she engaged in the protected activity of complaining about said gender discrimination and a hostile work environment also in violation of these Acts.

28.

Defendant terminated Plaintiff for engaging in protected activity in violation of these Acts.

29.

Accordingly, Defendant is liable for the damages Plaintiff has sustained because of Defendant's unlawful discrimination and retaliation against Plaintiff under these Acts.

30.

As a direct, natural, proximate, and foreseeable result of Defendant's retaliation, Plaintiff has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

31.

Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to federal law.

5

Case 3:23-cv-01373   Document 1   Filed 12/27/23   Page 5 of 8 PageID #: 5

32.

Plaintiff, having been discriminated against by Defendant, has suffered irreparable harm for which there is no plain, adequate, or complete remedy at law.

## COUNTS 3 & 4

## AGE DISCRIMINATION AND RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND THE TENNESSEE HUMAN RIGHTS ACT

33.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

34.

At all times relevant herein, Plaintiff was an "employee" within the meaning of the ADEA and the Tennessee Human Rights Act. At all times relevant herein, Defendant was an "employer" within the meaning of the ADEA and the Tennessee Human Rights Act

35.

By the actions described above, among others, Defendant discriminated against Plaintiff based on her age by treating her differently than similarly situated younger employees and terminating her employment.

36.

Defendant retaliated against Plaintiff when she engaged in the protected activity of complaining about said age discrimination and a hostile work environment also in violation of these Acts.

37.

Defendant terminated Plaintiff for engaging in protected activity in violation of these Acts.

38.

Accordingly, Defendant is liable for the damages Plaintiff has sustained because of Defendant's unlawful discrimination and retaliation against Plaintiff under these Acts.

39.

As a direct, natural, proximate, and foreseeable result of Defendant's retaliation, Plaintiff has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

40.

Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to federal law.

41.

Plaintiff, having been discriminated against by Defendant, has suffered irreparable harm for which there is no plain, adequate, or complete remedy at law.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condemnation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant, from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted the 27th day of December, 2023.

> */s/ Burke Keaty*
> R. Burke Keaty, II, BPR#027342
> **MORGAN & MORGAN – NASHVILLE, PLLC**
> 810 Broadway, Suite 105
> Nashville, TN 37203
> (615) 514-4205
> bkeaty@forthepeople.com
> *Attorney for Plaintiff*