# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **SUZANNE FORREST,** | ) |
| | ) |
|     **Plaintiff,** | ) Case No. 3:23-cv-01373 |
| | ) |
| v. | ) **Chief Judge William L. Campbell, Jr.** |
| | ) **Magistrate Judge Alistair Newbern** |
| **HCA MANAGEMENT SERVICES, LP,** | ) |
| | ) **Jury Demand** |
|     **Defendant.** | ) |

___

## AGREED PROTECTIVE ORDER
___

    Plaintiff Suzanne Forrest ("Ms. Forrest") and Defendant HCA Management Services, L.P., ("HMS") have stipulated, through their respective counsel, to the entry of this Protective Order Regarding Confidentiality ("Protective Order").

1.

    During the course of discovery, HMS may identify and agree to produce documents containing certain policies, trade secrets and other confidential and proprietary information relating to the business or operations of HMS. Moreover, during the course of discovery, HMS may also identify and agree to produce documents containing confidential and personal information pertaining to individuals who are not parties to this lawsuit, including without limitation current or former employees of HMS. The purpose of this Protective Order is to ensure that such documents and information are restricted to persons involved with this litigation. Accordingly, the documents and information identified in this paragraph are subject to the provisions of this Protective Order.

If any documents produced during this litigation contain personal, confidential, or proprietary information, or information relating to HMS's current and former employees, the producing party (including any third party producing such documents) may mark the documents "CONFIDENTIAL." Additionally, the non-producing party may designate any document as "CONFIDENTIAL" within twenty-one (21) days of receipt of the document or the Court's entry of this Protective Order, whichever is later. Any document so marked shall not be disclosed to any person except as permitted by this Protective Order. The designation of any document as "CONFIDENTIAL" will be made in good faith, and each party shall have twenty-one (21) days after production of documents marked "CONFIDENTIAL" by the other party or the Court's entry of this Protective Order, whichever is later, to challenge such designation by filing a motion with the Court in accordance with the Case Management Order. The confidentiality of any document or information shall be maintained until the Court orders otherwise.

In the event that personal, confidential or proprietary information is disclosed in response to an interrogatory, the answering party may designate the response as confidential by conspicuously stamping or marking the interrogatory answer with the word "CONFIDENTIAL." The parties to this action may also in good faith designate deposition testimony that reveals personal, confidential or proprietary information as confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Protective Order. The parties to this action also may, within thirty (30) days after receiving a deposition transcript, in good faith designate any portion (by page and line number) as confidential by notifying counsel for all parties via electronic mail.

3.

Documents, information, and deposition testimony produced or obtained in this action and designated confidential pursuant to this Protective Order shall be used solely for the purpose of this litigation and shall not be disclosed to any person except as allowed in this Protective Order or pursuant to further agreement between the parties or order of the Court. For purposes of this Protective Order, "disclosure of a document" means giving or showing the document to another person, quoting from the document, or otherwise directly or substantially revealing its contents. "Disclosure of information" means communicating it by any means to another person. "Disclosure of deposition testimony" means communicating a deponent's testimony by any means to another person and/or giving or showing a deposition transcript to another person, quoting from the transcript, or otherwise directly or substantially revealing its contents.

4.

The use of any documents, information, or deposition testimony therein subject to this Protective Order shall be restricted to the following persons, absent further agreement between the parties or order of the Court:

(a) Ms. Forrest and HMS;

(b) Counsel for the parties to this litigation, including their respective paralegals and clerical employees;

(c) Consultants, investigators, experts, or vendors employed by the parties or counsel for purposes to assist in this litigation;

(d) Any stenographic reporter who is engaged by the parties or the Court during the litigation of this case;

(e) Witnesses or prospective witnesses relating to Ms. Forrest's claims, including but not limited to persons requested by counsel to furnish technical or other expert service,

6

to give testimony or to otherwise prepare for any deposition, hearing, or any other proceeding in this action, provided such witness or prospective witness agrees to be expressly bound by the terms of this Protective Order and not disclose the documents or information therein to any party or person outside this litigation;

(f) The Court and its personnel or a jury;

(g) Any person or entity to whom disclosure is required by law; and

(h) Any other person or entity agreed upon in writing by the parties.

5.

Upon final termination of this action, whether via completion of trial and any appeal in this action and the satisfaction of any judgment, or upon the conclusion of settlement of this action, all persons subject to this Protective Order shall destroy all documents and information subject to this Protective Order, including any and all copies, prints, negatives, or summaries, and including any and all copies, prints, negatives, and summaries in the possession of employees, experts, or consultants employed or retained by counsel for the parties, except those items compromising any appellate record, trial court record, privileged communications, or attorney work product. Counsel may retain any documents necessary to comply with laws, rules, and regulations, and to protect themselves from claims under their professional liability policies. For purposes of this paragraph, depositions and exhibits thereto shall be deemed part of the record in this case, and need not be destroyed, regardless of any designations of confidentiality, but to the extent of any designations of confidentiality hereunder, shall continue to be subject to the non-disclosure provisions of this order.

6.

Whenever any documents or information marked as "CONFIDENTIAL" are entered into the record, the parties shall seek to file such documents under seal or with appropriate redactions, except when such documents are used at trial. Notwithstanding any of the provisions of this

7

Protective Order, confidential information may be offered at trial. If either party maintains that confidential information should not be offered at trial, then that party may file an appropriate motion *in limine* or timely and appropriately object thereto

7.

The following provisions shall govern the steps that will be taken if it is discovered that documents, information, or deposition testimony that are subject to attorney-client privilege or the work-product doctrine have been inadvertently produced (collectively, "Inadvertently Produced Materials"):

(a) If the producing party discovers that it has produced Inadvertently Produced Materials, the producing party shall notify any receiving party within ten (10) business days of discovery of the error. Within ten (10) business days of receipt of such notice, any receiving party shall return all copies of the Inadvertently Produced Materials to the producing party and shall remove electronic copies of the Inadvertently Produced Materials from the receiving party's electronic systems or review databases, and obtain all copies of the Inadvertently Produced Materials that have been disseminated to others within and outside the party's organization and do the same. However, within ten (10) business days of receipt of such notice, if a receiving party wishes to challenge the producing party's assertion of privilege, the receiving party may, with notice to the producing party, contact the Magistrate Judge and provide the Court with one copy of the disputed Inadvertently Produced Materials for *in camera* review together with an explanation as to why the Inadvertently Produced Materials should not be deemed privileged or protected. The producing party shall then have ten (10) business days to contact the Magistrate Judge and/or make a submission to the Court regarding why the disputed Inadvertently Produced Materials should be considered privileged or protected.

(b) Where a party who received documents which reasonably may be deemed to constitute Inadvertently Produced Materials becomes aware of such, that party shall promptly notify the producing party of such production and shall take reasonable steps to avoid further disclosure of such Inadvertently Produced Materials.

(c) The fact that Inadvertently Produced Materials are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client privilege and/or the work-product doctrine, either in this case or in any other legal action, arbitration or proceeding of any kind. The fact that Inadvertently Produced Materials are returned by the receiving party shall not be construed as an admission by the receiving party that the Inadvertently Produced Materials are in fact subject to the attorney-client privilege or the work-product doctrine. A party shall be entitled to rely on these non-waiver provisions regardless of when the Inadvertently Produced Materials are discovered and regardless of who discovers the Inadvertently Produced Materials.

(d) This Protective Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.

8.

This Protective Order shall not impair the right of a party to assert any defense or objection to the discovery, production, use, relevance, or admissibility of any documents, information, or deposition testimony, whether or not they are subject to the terms of this Protective Order.

**IT IS SO ORDERED.**

*[signature]*
ALISTAIR NEWBERN
UNITED STATES MAGISTRATE JUDGE